**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**KEVIN R. PATMORE**
Patmore Law Office
Santa Claus, Indiana

ATTORNEYS FOR APPELLEES:

**DAVID L. JONES**
**ROBERT W. ROCK**
Jones – Wallace, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| THE CARL KAETZEL TRUST U/T/D December 10, 1977, and THE ROBERTA KAETZEL TURST U/T/D December 10, 1977, and CARL KAETZEL, ROBERTA KAETZEL, TIMOTHY KAETZEL and JILL KAETZEL, | ) ) ) ) ) ) ) ) ) ) |
| Appellants-Plaintiffs, | ) ) |
| vs. | )  No. 74A01-1201-PL-36 ) |
| JON MARC KAETZEL and BEVERLY K. KAETZEL, | ) ) ) |
| Appellees-Defendants. | ) ) |

APPEAL FROM THE SPENCER CIRCUIT COURT
The Honorable David O. Kelley, Special Judge
Cause No. 74C01-0609-PL-425

**November 29, 2012**

**DISSENT FROM DENIAL OF PETITION FOR REHEARING**

**BROWN, Judge**

Upon further reflection, I do not believe that the trial court on remand following this court's June 30, 2010 memorandum decision was precluded, based upon the law of the case doctrine or otherwise, from issuing findings of fact with respect to the claims of rescission of deed and constructive fraud advanced by the plaintiffs under Counts II and III, respectively, of the complaint.

According to this court's memorandum decision on June 30, 2010, the plaintiffs filed a complaint against Jon and Beverly on September 18, 2006, which, among other things, raised a claim for breach of trust, and the trial court entered a judgment in favor of the plaintiffs on their breach of trust claim on December 1, 2009.[1]  See Kaetzel v. The Carl Kaetzel Trust, et. al., No. 74A01-1001-PL-30, slip op. at 2 (Ind. Ct. App. June. 30, 2010), trans. denied.  This court noted in that memorandum decision that "[t]he complaint is not included in the record on appeal, and we are unable to discern what other claims may have been raised therein." Id. at 2 n.6.

The memorandum decision, under the heading "Breach of Trust," examined the plaintiffs' breach of trust claim under Ind. Code §§ 30-4.  See id. at 3-5.  The focus of the court's analysis related to whether Jon was a trustee at the time he executed the deed and whether the terms of the trust instruments and amendments at issue contemplated the purchase of trust property by Jon.  Id. at 3-4.  Also, with respect to whether Jon purchased the property in good faith, the decision stated that "Carl and Roberta had ample opportunity to review the Deed—indeed, Jon encouraged them to do so—but they chose not to do so" and that "[u]nder these circumstances, they are not entitled to relief

[1] This court's memorandum decision from which this petition for rehearing is sought states that the trial court issued its findings of fact, conclusions of law, and judgment on November 13, 2009. See Carl Kaetzel Trust v. Kaetzel, No. 74A01-1201-PL-36, slip op. at 3 (Ind. Ct. App. Jul. 27, 2012).

2

based upon an argument that the terms of the transaction were not what they intended them to be, and we do not find that this evidence establishes that Jon acted in bad faith." Id. at 5. The section of the memorandum decision discussing the breach of trust claim concluded by stating:

> In sum, we have found that although Jon was a Trustee at the time the parties engaged in the real estate transaction, the terms of the Trusts explicitly contemplated and approved of such a transaction. Jon was a bona fide purchaser and there is no other reason to invalidate the sale and purchase of the Property. Therefore, we find that the Deed is not void and that there was no breach of trust, and remand with instructions to enter judgment in favor of Jon and Beverly on the breach of trust claim.

Id. The court remanded with instructions to "enter judgment in favor of Jon and Beverly on the breach of trust claim" and to "enter findings and conclusions on all remaining claims, if any . . . ." Id. at 6.

This court's July 27, 2012 memorandum decision, from which this petition for rehearing was filed, stated:

> On December 27, 2011, the trial court issued amended findings of fact, conclusions of law, and judgment. It determined that because we held on appeal that Jon was a "bona fide purchaser" that insulates him from committing a breach of trust in a trustee-beneficiary relationship, our conclusions precluded the trial court from making any findings with respect to the rescission and constructive fraud claims set forth in Counts I, II, and III.

Kaetzel v. The Carl Kaetzel Trust, et. al., No. 74C01-0609-PL-425, slip op. at 8 (Ind. Ct. App. Jul. 27, 2012).

As noted by the majority, the law of the case doctrine bars the relitigation of issues that have been resolved by an appellate court, and all issues decided directly or by implication in a prior decision are binding in all further portions of the same case.

3

Dutchmen Mfg., Inc. v. Reynolds, 891 N.E.2d 1074, 1082 (Ind. Ct. App. 2008), trans. denied. Further, to invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. Id. Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. Id. at 1082-1083. Moreover, statements that are not necessary in the determination of the issues presented are dicta, are not binding, and do not become the law of the case. Id. at 1083.

Further, "[t]he doctrine of the law of the case is applied only 'to those issues actually considered and decided on appeal.'" Cutter v. State, 725 N.E.2d 401, 405 (Ind. 2000) (quoting 4A Kenneth M. Stroud, Indiana Practice § 12.10 (2d ed. 1990) (emphasis omitted)), reh'g denied. Also, the doctrine applies when an appellate court has made a determination of "a legal issue." See Ace Foster Care and Pediatric Home Nursing Agency Corp. v. Ind. Family & Social Servs. Admin., 865 N.E.2d 677, 682 (Ind. Ct. App. 2007) (noting that "[t]he only 'legal issue' decided in the prior decision was 'whether the trial court abused its discretion in granting the injunction'" and that the court's prior decision "did not determine that Ace stated 'viable claims for relief'").

Here, the trial court's December 1, 2009 judgment was entered in favor of the plaintiffs on their breach of trust claim only. This court's June 30, 2010 memorandum decision cannot be read to resolve or decide the legal issues or claims presented under Counts II or III. In fact, as noted above, this court acknowledged in the June 30, 2010 decision that a copy of the September 18, 2006 complaint had not been included in the record on appeal and stated that "we are unable to discern what other claims may have been raised therein." Kaetzel, No. 74A01-1001-PL-30, slip op. at 2 n.6.

4

Moreover, the June 30, 2010 memorandum decision did not discuss the elements of the common law claims of rescission of deed or constructive fraud,[2] did not discuss the evidence or lack of evidence which may have supported findings with respect to either of those claims, and certainly did not render a decision on the "legal issues" presented by those claims. See Ace Foster Care, 865 N.E.2d at 682. The statements in the June 30, 2010 memorandum decision that "Jon was a bona fide purchaser and there is no other reason to invalidate the sale and purchase of the Property" and that "[t]herefore, we find that the Deed is not void and that there was no breach of trust," see Kaetzel, No. 74A01-1001-PL-30, slip op. at 5., related to this court's analysis and conclusion regarding the plaintiffs' breach of trust claim only.[3] Indeed, the court remanded "with instructions to enter judgment in favor of Jon and Beverly *on the breach of trust claim*." Id. (emphasis added). The court did not undertake any analysis of the plaintiffs' other claims or "actually consider[]" the claims and did not decide those legal issues on appeal. See Cutter, 725 N.E.2d at 405.

---

[2] The elements of constructive fraud are: (1) a duty owing by the party to be charged to the complaining party due to their relationship; (2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party. Fiederlein v. Boutselis, 952 N.E.2d 847, 860 (Ind. Ct. App. 2011). Also, a presumption of fraud arises once the plaintiff establishes the existence of a fiduciary relationship. In re Bender, 844 N.E.2d 170, 182 (Ind. Ct. App. 2006), reh'g denied, trans. denied. A trustee has a fiduciary relationship with a trust. See Kesling v. Kesling, 967 N.E.2d 66, 80 (Ind. Ct. App. 2012), trans. denied; Williams v. Orentlicher, 939 N.E.2d 663, 665 (Ind. Ct. App. 2010), reh'g denied.

[3] Further, these statements expressly refer to the sale and purchase of the property in the context of an analysis of the transaction under the trust documents and the breach of trust claim, see Kaetzel, No. 74A01-1001-PL-30, slip op. at 5., and the statements do not refer or allude to any conclusions as to whether Jon owed a duty to the plaintiffs as a trustee and fiduciary and whether there was a violation of that duty by the making of a deceptive material misrepresentation.

I would find, as argued in the Petition for Rehearing and consistent with Indiana case law, that the law of the case doctrine did not preclude the trial court from issuing amended findings of fact and conclusions of law on Counts II and III of the plaintiffs' complaint. Accordingly, I would grant the petition for rehearing and remand for further proceedings on those claims.